# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0690V
Filed: October 23, 2018
UNPUBLISHED

| | |
|---|---|
| MONA IBRAHIM,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Isaiah Richard Kalinowski, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Daniel Anthony Principato, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On May 24, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following the administration of an influenza ("flu") vaccination she received on October 3, 2016. Petition at 1. On May 14, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 36.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 27, 2018, petitioner filed an unopposed motion for attorneys' fees and costs. ECF No. 41.[3] Petitioner requests attorneys' fees in the amount of $17,052.90[4] and attorneys' costs in the amount of $1,331.48. ECF No. 41 -1 at 13 and 41-2 at 1. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 2. Thus, the total amount requested is $18,384.38.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209.

Billing records show that 4 attorneys and 8 paralegals worked on this case, with some billing less than one hour. This resulted in multiple reviews of the same records, orders and updating the same entries on files. For example, the attorney's and the paralegals list 26 separate entries as reviewing court notifications of filings, totaling 4.2 hours of time.[5]

Upon further review of the billing records, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24,

---

[3] The motion was filed as an unopposed motion and specifically states that respondent has no objection to petitioner's request. ECF No. 41 at 1.

[4] Petitioner's motion states attorney fees are in the amount of $16,803.30. ECF No. 41 at 3. However the detailed breakdown of hours shows the total of fees as $17,052.90. ECF No. 41-1 at 13.

[5] Examples of these entries include: May 26, 2017 (0.2 hrs JLL) "Receive Notice of Assignment of CSM Dorsey and save to file. Forward to atty and update file" (0.1 hrs ACT) "Review order", November 21, 2017 (0.3 hrs ACT) "Review status report; review order, email client" November 22, 2017 (0.2 hrs MSP) "Review and analyze Respondent's status report for action items, update deadlines.", " November 22, 2017 (0.2 hrs MSP) "Review and analyze Court Scheduling Order for action items, update deadlines.", May 10, 2018 (0.2 hrs MSP) "Review and analyze Court scheduling order for action items and update case deadlines." (0.1 hrs IK) "Review the Order of the Court". ECF No. 41-1 at 5-6 and 10. JLL is paralegal Jennifer Lally. ACT is attorney Anne Toale. MSP is paralegal Melissa Phillips. IK is attorney Isaiah Kalinowski. These entries are merely examples and are not exhaustive.

2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program."  *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387).  A total of 5.4 hours[6] was billed by paralegals on tasks considered administrative including, receiving documents, forwarding correspondence, reviewing and organizing the client file, and mailing documents.

For the reasons listed above, the undersigned shall reduce the overall request for attorney fees by 5 percent. **This results in a reduction in the amount of $852.65**.[7]

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

Accordingly, the undersigned awards the total of **$17,531.73**[8] **as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Isaiah Kalinowski.  Petitioner requests check be forwarded to Maglio, Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[6] Examples of these entries include: January 13, 2017 (0.40 hrs) "Review, process and organize intake documents. Draft letter to client returning executed retainer agreement. Update file accordingly." May 3, 2017 (0.10 hrs) "Receipt, review and organize billing records from Sanford Health Fargo. Update case notes accordingly.", May 31, 2017 (0.40 hrs) "Receive and process flash drive of records from Sanford Fargo. Add notes to file Prepare for filing", December 20, 2017 (0.20 hrs) "Review and prepare status report for electronic submission to the ECF system", and May 16, 2018 (0.10hrs) "Finalize and send correspondence to client regarding Court decision and update case file."  ECF No. 41-1.  These entries are merely examples and are not exhaustive.

[7] This amount consists of a 5% reduction of the total request for attorney fees.

[8] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.